UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| NTP MARBLE, INC. d/b/a Colonial Marble and Granite, | Case No. 13-10087(SR) |
| Debtor. | |

**MOTION FOR ORDER APPROVING STIPULATION OF SETTLEMENT BY AND BETWEEN COLONIAL MARBLE AND GRANITE, ATHANASIOS PAPADOPOULOS, NIKOLAOS PAPADOPOULOS, ANGELO BEKAS, AND ANASTASIOS PAPADOPOULOS ("TASOS") RESOLVING TASOS' MOTIONS TO DISMISS AND RELATED MATTERS PURSUANT TO FED. R. BANKR. R., RULES 4001 and 9019; AND REQUEST FOR EXPEDITED CONSIDERATION THEREOF**

NTP Marble, Inc. d/b/a Colonial Marble and Granite, debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, presents this Motion For Order Approving Stipulation of Settlement by and between NTP Marble, Inc. d/b/a Colonial Marble and Granite, Athanasios Papadopoulos, Nikolaos Papadopoulos, Angelo Bekas, and Anastasios Papadopoulos ("Tasos") resolving Tasos' Motions to Dismiss and Related Matters Pursuant To Fed. R. Bankr. Proc. 4001 and 9019 ("Motion") and, in support thereof, represents:

## BACKGROUND

1. On January 4, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Main Case"). Since the Petition Date, the Debtor has remained in possession of its assets and has continued the management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On January 16, 2013, Athanasios ("Tom") Papadopoulos filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "TP Petition Date" and the "TP Case").

3. On January 16, 2013, Nikolaos Papadopoulos filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "NP Petition Date" and the "NP Case").

4. On January 16, 2013, Angelo Bekas filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "AB Petition Date" and the "AB Case").

5. On or about February 1, 2013, the Debtor filed the Subordination Complaint [NTP Docket No. 41] (Adv. Case No. 13-100870) [Adv. Docket No. 1] (the "Subordination Proceeding") against Tasos seeking to subordinate Tasos's money judgment claim pursuant to 11 U.S.C. § 510(b) and (c).

6. On February 21, 2013, Tasos filed his Motion to Dismiss Case or in the Alternative to Appoint a Chapter 11 Trustee and for related relief (the "Tasos Motion to Dismiss") [NTP Docket No. 71] wherein Tasos sought to dismiss NTP's pending bankruptcy proceedings on various bases, including, *inter alia*, that the filing of the NTP petition was in bad faith.

7. On April 5, 2013 NTP filed an Adversary Proceeding against AAA Hellenic Marble and Tasos [NTP Docket No. 129](Adv. Case No. 13-00176) (the "Hellenic Adversary"), seeking injunctive relief and damages from parties, including Tasos, that NTP alleged were engaged in activity intended to injure NTP.

8. On April 15, 2013, the Bankruptcy Court dismissed with prejudice Angelo's chapter 11 case [Angelo Docket no. 86]. Thereafter, Tasos began execution and collection proceedings against Angelo and persons and entities to which Angelo made transfers (the "Bekas Fraudulent Conveyance Proceedings").

9. On April 24, 2013, Tasos filed a Motion to Dismiss Nikko's case [Nikko Docket No. 78].

10. On May 2, 2013, Tasos filed his Answer to Complaint and Counterclaim to the Subordination Complaint in the Subordination Proceedings [Adv. Docket No. 23](Adv. Case No. 13-00176).

11. On May 20, 2013, NTP filed its Chapter 11 Plan of Reorganization [NTP Docket 172] and Disclosure Statement [NTP Docket 173]

12. On May 29, 2013, NTP withdrew its request for the exclusive right to file a plan of reorganization [NTP Docket 183].

13. On June 13, 2013, Tasos objected to the Debtor's first Disclosure Statement [NTP Docket 211].

14. On June 26 2013, NTP filed its First Amended Disclosure Statement [NTP Docket 238] and Plan [NTP Docket 237].

15. On July 23, 2013, Tasos filed a Motion to Dismiss Tom's case. [Tom Docket No. 81].

16. On July 25 and July 26, 2013 respectively. NTP filed its Second Amended Plan of Reorganization [NTP Docket 272] and Second Amended Disclosure Statement [NTP Docket 275].

17. On November 12, 2009, Lazaros Hatziefstathiou confessed judgment in Chester County against Tasos in the amount of $456,217.47 on a disputed claim arising out of an unrelated business venture. Tasos represents that this unrelated business venture - Corinthian Marble & Granite, Inc. – was funded in part by an Installment Judgment Note dated April 16, 2008, in the original principal amount of $400,000.00; the funds of which were provided by Lazaros Hatziefstathiou to Corinthian Marble & Granite, Inc. ("Corinthian"), who was the borrower/maker and the loan was personally guaranteed by Tasos, Theofilos Kaberidis, and Sophoclis Dimitri Evangelopoulos. The facts relating to this alleged default and Tasos's liability

are in dispute. Lazaros Hatziefstathiou confessed judgment in Chester County against Tasos in the amount of $456,217.47 on this disputed claim arising out of this Corinthian business venture at Docket Number 2009-13239. Thereafter, the judgment was transferred to CDC Debt Collections, LLC, and a writ of execution was issued in the Philadelphia County Court of Common Pleas under April Term, 2013, No. 3312 (collectively, the Chester County and Philadelphia actions are the "CDC Proceedings"). Following a number of contested hearings before the Court of Common Pleas, the CDC writ of execution was stricken and certain appeals remain pending in the CDC Proceedings.

18. Pending with the Bankruptcy Court is Tasos's Motion to Dismiss Nikko's Chapter 11 case, Tasos's Motion to Dismiss Tom's chapter 11 case, the Debtor's Motion for Summary Judgment in the Subordination Proceeding, Tasos's Counterclaims in the Subordination Proceedings, the Debtor's request for approval of the Second Amended Disclosure Statement, and Tasos's Motion to Dismiss NTP's case and Tasos's Complaints objecting to the discharges of Nikko and Tom. Also pending are a number of related but not directly relevant motions and applications.

19. Also pending is the Superior Court Appeal now being prosecuted by Angelo, the stayed appeals of NTP, Tom, and Nikko, and various matters in the CDC Proceedings.

20. In connection with various matters in Bankruptcy Court, Tasos and the NTP parties engaged in extensive discovery such that each is fully apprised of the other's legal positions with respect to the pending claims between and among the NTP Parties on one hand and Tasos on the other.

21. Tasos and the NTP Parties, with the full assistance of counsel, have determined that a resolution of the various pending matters best serves the interest of the parties, and each of them.

22.     Neither the Plan nor the Disclosure Statement has been approved.

23.     As of the date hereof, no trustee or examiner has been appointed by the Court.

## RELIEF REQUESTED

24.     By the Motion, the Debtors seek approval of the Stipulation of Settlement by and between NTP Marble and Granite, Athanasios Papadopoulos, Nikolaos Papadopoulos, Angelo Bekas, and Anastasios Papadopoulos ("Tasos") resolving Tasos' Motions to Dismiss and Related Matters ("Stipulation"), a copy of which is attached hereto and made a part of this Motion as Exhibit A.

## BASIS FOR RELIEF REQUESTED

25.     In February 2010, Tasos commenced a civil action in the Court of Common Pleas of Philadelphia County (February Term. 2010. No. 02105) ("State Court") against the NTP Parties seeking damages for breach of contract resulting from the ouster of Tasos from the ownership of NTP ("State Court Litigation").

26.     At the conclusion of the trial, the jury, on or about May 11, 2012, returned a verdict in favor of Tasos and against the NTP Parties, jointly and severally, in the amount of $4,166,667 ("Verdict"). On May 11, 2012, the State Court entered judgment jointly and severally on the verdict (the "Judgment").

27.     On January 3, 2013, the NTP Parties filed a notice of appeal of the Judgment to the Superior Court of Pennsylvania (the "Superior Court Appeal").

28.     On January 4, 2013, the NTP Parties filed the NTP Case. Since that time, there has been substantial litigation between Tasos and the NTP Parties over the foregoing issues and various motions. In an effort to resolve the outstanding issues between Tasos and the NTP Parties, the Debtor requests the authority to enter into the Stipulation.

## **TERMS AND CONDITIONS OF THE STIPULATION**

29. The terms and conditions of the Stipulation are contained therein in their totality. Any inconsistencies between the Motion and the Stipulation are resolved exclusively by the terms of the Stipulation. Without limiting the terms and conditions of the Stipulation, the provisions are summarized as follows:

a. Assuming that all payments made to Tasos are timely under the Stipulation, and assuming all other obligations of the NTP Parties to Tasos under the Stipulation are timely fulfilled, Tasos shall accept the sum of $3,062,500.00 and performance of all other NTP Party obligations in satisfaction of the Judgment as more specifically described in paragraph (a.) of the Stipulation.

b. The manner, timing, method and conditions related to the payment of the Judgment are discussed in paragraph (b.) of the Stipulation.

c. Additional collateral pledged to further secure all of the obligations of the NTP Parties is discussed in paragraphs (c.) and (e.) of the Stipulation.

d. The events of default and remedies under the Stipulation are described in paragraph (d.) of the Stipulation together with specific actions prohibited at paragraphs (f.) and (g.) of the Stipulation.

e. The various releases contemplated under this agreement are discussed in paragraphs (i.), (j.) and (m.) of the Stipulation.

f. The Debtor's reporting requirements are discussed in paragraph (h) of the Stipulation.

g. The jurisdiction, venue and notice provisions are described in paragraphs (n.), (o.), and (r.) of the Stipulation.

    h.    The dismissal of various actions in State Court and the Bankruptcy Court are discussed in paragraph (k.) of the Stipulation.

30.    The Motion seeks an Order approving the Stipulation.

## JURISDICTION AND VENUE

31.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Section 105 of the Bankruptcy Code and Rule and 9019 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED AND LEGAL ARGUMENT

32.    Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

33.    By this Motion, the Debtor requests that the Court enter an Order approving the Stipulation relating to Tasos' Motions to Dismiss.

34.    To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy. Martin v. Ayers (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

35.    In determining whether to approve a debtor's application to settle a controversy, the Court does not substitute its judgment for that of the debtor. Rather, the Court should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness. In re Grant Broadcasting of Philadelphia, Inc., 71 B.R. 390, 395 (Bankr. E.D.Pa. 1987); In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 802 (Bankr. E.D. Pa. 1986). See also

In re Penn Central Transportation Company, 596 F.2d 1102 (3d Cir. 1979) (concluding that the correct standard is that the terms of the proposed compromise must fall within the reasonable range of litigation possibilities).

36. The U.S. Court of Appeals for the Third Circuit recognizes four criteria the Court should consider in making this determination: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. Martin, 91 F.3d at 393 (citing, Protective Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425, 88 S.Ct. 1157, 1163-64. 20 E.Ed.2d 1 (1968)); In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998); Grant Broadcasting of Philadelphia, Inc., 71 B.R. at 395; Neshaminy Office Bldg. Assocs., 62 B.R. at 803.

37. The ultimate inquiry is whether the compromise is fair, reasonable, and in the best interest of the estate. Marvel, 222 B.R. at 279; In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997); Neshaminy Office Bldg. Assocs., 62 B.R. at 802.

38. Approval of the Stipulation is in the best interest of the estate. Pursuant to the Stipulation, the estate will resolve all outstanding matters with Tasos. Accordingly, the Debtor submits that the Stipulation should be approved.

## THE REQUEST FOR EXPEDITED RELIEF

39. The Debtor requires expedited consideration of this Motion in an effort to minimize any further cost to the Estate related to the ongoing litigation with Tasos.

40. Debtors respectfully request expedited consideration of this Motion and request a hearing on **October 9, 2013** at **1:30 p.m.**

41. As of the filing of this motion, no trustee or examiner has been appointed. Notice of this motion will be been given via facsimile, electronic mail and/or regular mail, to the United

States Trustee, the Top 20 Unsecured Creditors and the Debtor's Secured Creditors as well as Counsel for the Official Committee of Unsecured Creditors upon Debtors' receipt of the signed Order scheduling the requested expedited hearing. The Debtors submit that no other notice need be given in light of the exigencies of the circumstances and the irreparable harm to the Debtors, their estates and all parties in interest that would ensue if the relief requested herein is not granted.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order approving the Stipulation and granting such other and further relief as the Court may deem just and proper.

CIARDI CIARDI & ASTIN

Date: September 27, 2013

By: _____
Albert A. Ciardi, III, Esquire
Jennifer E. Cranston, Esquire
One Commerce Square, Suite 1930
2005 Market Street
Philadelphia, PA 19103

*Attorneys for the Debtor and
Debtor-In-Possession*