# EXHIBIT A

## Stipulation

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| NTP MARBLE, INC. d/b/a | : Case No. 13-10087(SR) |
| Colonial Marble and Granite, | : |
| | : |
| Debtor. | : |
| | : |

## STIPULATION OF SETTLEMENT BY AND BETWEEN NTP MARBLE, INC. D/B/A COLONIAL MARBLE AND GRANITE, ATHANASIOS PAPADOPOULOS, NIKOLAOS PAPADOPOULOS, ANGELO BEKAS, AND ANASTASIOS PAPADOPOULOS RESOLVING TASOS'S MOTIONS TO DISMISS AND RELATED MATTERS

NTP Marble, Inc. d/b/a Colonial Marble And Granite ("NTP" or "Debtor"), Athanasios Papadopoulos ("Tom"), Nikolaos Papadopoulos ("Nikko"), Angelo Bekas ("Angelo") along with NTP, Tom, Nikko hereinafter referred to as the "NTP Parties") and Anastasios Papadopoulos ("Tasos" collectively with the NTP Parties, the "Parties") and each intending to be legally bound by the promises, undertakings and covenants contained herein, do hereby enter into this Stipulation of Settlement ("Settlement Stipulation") under and pursuant to Bankruptcy Rule 9019, each on their own volition and, as appropriate, with full corporate authority and with advice of counsel and do hereby state as follows:

1.    In February 2010, Tasos commenced a civil action in the Court of Common Pleas of Philadelphia County (February Term, 2010, No. 02105) ("State Court") against the NTP Parties seeking damages for breach of contract resulting from the ouster of Tasos from the ownership of NTP ("State Court Litigation").

2.    At the conclusion of the trial, the jury, on or about May 11, 2012, returned a verdict in favor of Tasos and against the NTP Parties, jointly and severally, in the amount of

4748433

$4,166,667 ("Verdict").  The State Court subsequently entered judgment jointly and severally on the Verdict (the "Judgment").

3.      On January 3, 2013, the NTP Parties filed a notice of appeal of the Judgment to the Superior Court of Pennsylvania (the "Superior Court Appeal").

4.      On January 4, 2013, NTP filed a voluntary petition commencing the instant chapter 11 bankruptcy case [NTP Docket No.1][1].

5.      On January 16, 2013, Nikko filed his voluntary chapter 11 petition, case no. 13-10407.

6.      On January 16, 2013, Tom filed his voluntary chapter 11 petition, case no. 13-10408.

7.      On January 16, 2013, Angelo filed his voluntary chapter 11 petition, case no. 13-10406.

8.      On or about February 1, 2013, the Debtor filed the Subordination Complaint [NTP Docket No. 41] (Adv. Case No. 13-100870) [Adv. Docket No. 1] (the "Subordination Proceeding") against Tasos seeking to recharacterize or subordinate Tasos's money judgment claim pursuant to 11 U.S.C. § 510(b) and (c).

9.      On February 21, 2013, Tasos filed his Motion to Dismiss Case or in the Alternative to Appoint a Chapter 11 Trustee and for related relief (the "Tasos Motion to Dismiss") [NTP Docket No. 71] wherein Tasos sought to dismiss NTP's pending bankruptcy proceedings on various bases, including, *inter alia,* that the filing of the NTP petition was in bad faith.

---

[1] References to the NTP Docket are to the official ECF docket maintained in the Clerk of the Bankruptcy Court.

4748433

10.    On April 5, 2013, NTP filed an Adversary Proceeding against AAA Hellenic Marble and Tasos [NTP Docket No. 129](Adv. Case No. 13-00176) (the "Hellenic Adversary"), seeking injunctive relief and damages from parties, including Tasos, that NTP alleged were engaged in activity intended to injure NTP.

11.    On April 15, 2013, the Bankruptcy Court dismissed with prejudice Angelo's chapter 11 case [Angelo Docket No. 86]. Thereafter, Tasos began execution and collection proceedings against Angelo and persons and entities to which Angelo made transfers (the "Bekas Fraudulent Conveyance Proceedings").

12.    On April 24, 2013, Tasos filed a Motion to Dismiss Nikko's case [Nikko Docket No. 78].

13.    On May 2, 2013, Tasos filed his Answer to Complaint and Counterclaim to the Subordination Complaint in the Subordination Proceedings [Adv. Docket No. 23](Adv. Case No. 13-00176).

14.    On May 20, 2013, NTP filed its Chapter 11 Plan of Reorganization [NTP Docket 172] and Disclosure Statement [NTP Docket 173].

15.    On May 29, 2013, NTP withdrew its request for the exclusive right to file a plan of reorganization [NTP Docket 183].

16.    On June 13, 2013, Tasos objected to the Debtor's first Disclosure Statement [NTP Docket 211].

17.    On June 26, 2013, NTP filed its First Amended Disclosure Statement [NTP Docket 238] and Plan [NTP Docket 237].

18.    On July 23, 2013, Tasos filed a Motion to Dismiss Tom's case [Tom Docket No. 81].

4748433

19.     On July 25 and July 26, 2013, respectively, NTP filed its Second Amended Plan of Reorganization [NTP Docket 272] and Second Amended Disclosure Statement [NTP Docket 275].

20.     On November 12, 2009, Lazaros Hatziefstathiou ("Lazaros") confessed judgment in Chester County, Pennsylvania against Tasos in the amount of $456,217.47 on a disputed claim arising out of an unrelated business venture (the "CDC Judgment").  Tasos represents that this unrelated business venture - Corinthian Marble & Granite, Inc. ("Corinthian") was funded in part by an Installment Judgment Note dated April 16, 2008, in the original principal amount of $400,000.00; the funds of which were provided by Lazaros to Corinthian, who was the borrower/maker and that the loan was personally guaranteed by Tasos, Theofilos Kaberidis, and Sophoclis Dimitri Evangelopoulos. The facts relating to this alleged default and Tasos's liability are in dispute. Lazaros confessed judgment in Chester County against Tasos in the amount of $456,217.47 on this disputed claim arising out of this Corinthian business venture at Docket Number 2009-13239.  Thereafter, the CDC Judgment was transferred to CDC Debt Collections, LLC ("CDC"), and a writ of execution was issued in the Philadelphia County Court of Common Pleas under April Term, 2013, No. 3312 (collectively, the Chester County and Philadelphia actions are the "CDC Proceedings").  Following a number of contested hearings before the Court of Common Pleas, the CDC writ of execution was stricken and certain appeals remain pending in the CDC Proceedings.

21.     Pending with the Bankruptcy Court is Tasos's Motion to Dismiss Nikko's Chapter 11 case, Tasos's Motion to Dismiss Tom's chapter 11 case, the Debtor's Motion for Summary Judgment in the Subordination Proceeding, Tasos's Counterclaims and Third Party Claims in the Subordination Proceedings, the Debtor's request for approval of the Second

4748433

Amended Disclosure Statement, Tasos's Motion to Dismiss NTP's case and Tasos's Complaints seeking the determination of nondischargeability of debt of Nikko and Tom. Also pending are a number of related but not directly relevant motions and applications.

22.     Also pending is the Superior Court Appeal now being prosecuted by Angelo, the stayed appeals of NTP, Tom, and Nikko, and various matters in the CDC Proceedings.

23.     In connection with various matters in Bankruptcy Court, Tasos and the NTP parties engaged in extensive discovery such that each is fully apprised of the other's legal positions with respect to the pending claims between and among the NTP Parties on one hand and Tasos on the other.

24.     Tasos and the NTP Parties, with the full assistance of counsel, have determined that a resolution of the various pending matters best serves the interest of the parties, and each of them.

NOW THEREFORE, THE PARTIES ABOVE LISTED AND EACH OF THEM, JOINTLY AND SEVERALLY, AND EACH INTENDING TO BE LEGALLY BOUND, DO HEREBY STIPULATE AND AGREE AS FOLLOWS:

a.     Assuming that all payments are made to Tasos timely under this Settlement Stipulation, and assuming all other obligations of the NTP Parties to Tasos under this Settlement Stipulation are timely fulfilled, Tasos shall accept the sum of $3,062,500 and performance of all other NTP Party obligations in satisfaction of the Judgment.

b.     The Judgment shall be paid as follows:

      A.     Within thirty (30) days of the approval of this Settlement Stipulation, the NTP Parties shall pay to Tasos's counsel, Francis Alexander, LLC, the initial sum of $500,000.00 in cash or certified funds (the "Initial Payment").

4748433

B.    Within eighty (80) days of the approval of this Settlement Stipulation, the NTP Parties shall pay to Tasos's counsel, Francis Alexander, LLC, an additional sum of $500,000.00 in cash or certified funds (the "Second Payment").

C.    Within one hundred eighty (180) days of the approval of this Settlement Stipulation, the NTP Parties shall pay to Tasos's counsel, Francis Alexander, LLC, the remaining sum of $ $2,062,500.00 (the "Final Payment") in cash or certified funds.

D.    If by the one hundred eightieth (180th) day following the approval of this Settlement Stipulation the NTP Parties have not paid to Tasos the Final Payment, then the NTP Parties shall have an additional ninety (90) days to obtain the Final Payment (the "Extension Period"). At the end of the Extension Period, Tasos shall be entitled to the Final Payment, regardless of the NTP Parties' efforts. In the event the real property located at 5311 Atlantic Avenue, Ventnor, NJ (the "5311 Property") is not refinanced by the time of the Final Payment, Tasos shall be entitled to the 5311 Property and such cash is as necessary to make the Final Payment, with credit given for the value of the 5311 Property as provided in ¶¶ G and H herein.

E.    If by the two hundred seventieth (270th) day following the approval of this Settlement Stipulation the NTP Parties have not paid the full $, $3,062,500.00 then the NTP Parties shall immediately convey to Tasos the 5311 Property by deed in lieu of mortgage foreclosure. The title of the 5311 Property conveyed to Tasos shall be free and clear of all liens, claims and encumbrances, with marketable casualty and fire insurable by a reputable insurance company. Prior to

4748433

such conveyance, the NTP Parties shall, until they have either been discharged of all obligations set forth in this Settlement Stipulation or made the Final Payment, maintain the 5311 Property, and all other collateral property, and their respective title in the same condition as exists on the date of this Settlement Stipulation.

F.      The conveyance of the 5311 Property to Tasos shall not in any way reduce the NTP Parties' liability to Tasos except as follows: the NTP Parties shall have a credit on the amount due and owing to Tasos for the market value of the 5311 Property as determined below, and with the remaining amount of the Final Payment due immediately.

G.      In order to determine the credit to be given to the NTP Parties on the transfer of the 5311 Property to Tasos, if it occurs, both parties will select (at their own cost) a qualified appraiser with experience valuing commercial properties in shore locations to determine a current market value of the 5311 Property. The 5311 Property shall be valued at market value on an "as is where is" basis taking into account a six-month period of time to market, and reducing expenses of placement and liquidation including any applicable transfer taxes and a 6% brokerage fee.

H.      In the event the parties cannot agree on the value to be given upon the transfer of the 5311 Property, the parties shall retain a third appraiser to assist in a determination of the value thereof.  The cost of the third appraiser shall be borne equally by Tasos and the NTP Parties.  In the event the third appraiser cannot fix a value acceptable to both parties, the Bankruptcy Court shall determine the value of the 5311 Property.  The NTP Parties and Tasos agree to permit the Bankruptcy

4748433

Court to make the determination on a summary basis, hearing the testimony of experts without discovery, and with no right of appeal therefrom.

I.       Pending the time for Final Payment, and until such Final Payment is tendered, the NTP Parties shall pay current all utilities, insurance, taxes, expenses and maintenance needed to ensure the 5311 Property remains in the same physical condition as existed on the execution of this Settlement Stipulation.  In that regard, until the NTP Parties have made the Final Payment and have been discharged of all obligations in this Settlement Stipulation, beginning on the date of approval of the Settlement Stipulation through the time of the Final Payment, Tasos and his counsel, on reasonable notice, shall have the right of entry and full access onto the 5311 Property for purposes of inspection of the condition the 5311 Property (and the appurtenant structures and land), to note and record the existing condition of the 5311 Property at the time of approval of this Settlement Stipulation, and thereafter from time to time, and to ensure there are no pending claims or conditions which effect the value of the 5311 Property, including waste, code violations, or judicial or administrative proceeding(s) pending against the 5311 Property.

J.       Upon approval of this Settlement Stipulation, and on that same day, the NTP Parties will name Tasos as a named additional insured on the insurance policy for the 5311 Property and shall deliver to counsel for Tasos a copy of the declaration page of the policy. In the event that the 5311 Property is insured for less than its determined value, then the NTP Parties shall increase the insurance coverage to that amount.  Any proceeds or distributions from any insurance claim

4748433

related to a partial loss occurring prior to the Final Payment will first be paid to the NTP Parties and used exclusively by the NTP Parties to repair the 5311 Property. If there is loss which destroys all or substantially all of the 5311 Property, Tasos shall receive the insurance proceeds up to the amount of the then outstanding payment obligations under this Settlement Stipulation, and then and only then, the balance shall be paid to the NTP Parties. The NTP Parties shall be given a credit on the amount due and owing to Tasos for any net insurance proceeds received by Tasos, with such credit being applied to the Final Payment.

K.      The NTP Parties will indemnify and hold harmless Tasos from any liability asserted against him arising and/or asserted after he becomes the owner of the 5311 Property, relating to the time period when the NTP Parties were owners, which obligations include the following: real estate taxes, utilities, fines, code violations, expenses, maintenance, obligations to contractors, vendors and suppliers delivering goods or services to the 5311 Property, and liabilities to third-parties connected thereto relating to periods prior to the date of Tasos becoming the owner of the 5311 Property.

L.      Additionally, within ten (10) days from signing this Settlement Stipulation, the NTP Parties are required to provide disclosures (as the term is commonly commercially understood) regarding the affected real estate under this Settlement Stipulation, in order to disclose known issues and liabilities that could affect the 5311 Property's value or desirability, including any claims, liens, mechanic's liens, lawsuits, insurance claims and zoning or code violations.

4748433

c.    In order to further secure all of the obligations of the NTP Parties, all issued and outstanding shares of NTP shall be delivered to Francis J. Lawall, Esquire as escrow agent ("Escrow Agent") who will hold all of the shares of NTP as collateral security for the obligations of the NTP Parties under this Settlement Stipulation. Until the Final Payment, the NTP Parties shall not issue or authorize any new shares of NTP or take any action to dilute the amount of current shares, or encumber the shares in any way. The NTP Parties shall provide executed Affidavits for Pamela Papadopoulos, Maria Papadopoulos and Diane Bekas affirming that they do not own and have no equitable interests in any of the shares of NTP, nor do they have any claims on said shares.

d.    In the event of a monetary default by the NTP Parties under this Settlement Stipulation, including a failure to make the Final Payment, Tasos shall be entitled to direct that the Escrow Agent release all of the shares of NTP to Tasos, and Tasos shall be the recognized owner of 100% of NTP, entitled to exercise all indicia of ownership, including the appointment of a new board of directors and officers. In such an event, the NTP Parties shall not interfere with Tasos's ownership rights. The NTP Parties shall execute, along with this Settlement Stipulation, board resignations, officer resignations and resolutions necessary to remove all existing board members and officers, all of which will be held by the Escrow Agent together with the shares. In the event of such a default, and direction by Tasos to the Escrow Agent, the NTP Parties shall take no action to injure or diminish the value of NTP's assets prior to Tasos receiving the shares. The Escrow Agent shall act without liability and shall be entitled to rely upon a writing by counsel for Tasos verifying that a monetary default has occurred and directing the release of the NTP shares. The Escrow Agent shall not be required to determine any dispute between the NTP Parties and Tasos as to whether a monetary default has occurred. In the event

such exercise occurs, the NTP Parties shall be entitled to a credit of the value of such shares up to the remaining amount due under this Settlement Stipulation valued as of the day immediately prior to the date of delivery of the shares by the Escrow Agent. If Tasos takes the shares and the value is determined to be in excess of the remaining amounts owed to Tasos, plus any out of pocket costs and expenses, then Tasos shall release the collateral mortgages on the Real Property (as defined below). If at the time of the default, the value of the shares of NTP is less than the amounts then due to Tasos, Tasos may retain the mortgages on the Real Property to the extent necessary to obtain satisfaction of the NTP Parties' remaining obligations. The value of the shares shall be determined by the Bankruptcy Court in a summary fashion, which finding shall be binding on the parties, with no right to appeal.

e.    In addition to the shares of NTP, and as further security for the obligations in this Settlement Stipulation, Nikko, Angelo and 5311 Atlantic Avenue, LLC shall grant Tasos mortgage liens on their respective real properties located at 460 Paxon Hollow Road, Media, PA., 51 Pine Tree Drive, Broomall, PA, 1662 E. Berks Street, Philadelphia, PA., and 5311 Atlantic Avenue, Ventnor, NJ, respectively (collectively, the "Real Property" or "Real Properties"). Nikko, Angelo and Tom shall obtain the signatures of any alleged joint owner or joint tenant on the Real Properties consenting to the mortgages and acknowledging that each such party received value directly or benefited indirectly from the consideration provided by Tasos herein for the mortgages. Tasos further shall be entitled to retain any executions obtained in the State Court Litigation with Angelo Bekas pending the releases to be granted herein. The said mortgages shall be capable of being fully insured as to the good and marketable title of the subject premises, with the exception of any now pre-existing mortgages. None of the NTP Parties shall, during the pendency of this Settlement Stipulation, fail to pay any of his or its

4748433

obligations related to, or secured by, the Real Property and shall keep all taxes, insurance and mortgages current on the Real Property with no pending defaults. Provided that the NTP Parties are intending to use any of the Real Properties to refinance, Tasos agrees to attend settlement and release his liens granted herein in exchange for the receipt by Tasos of the net proceeds of any borrowings. Any such proceeds paid to Tasos will reduce the payments due under this Settlement Stipulation.

f.     None of the NTP Parties shall engage in any transfers of assets, inclusive of shares of stock, by, amongst and between each other or any third party, including family members or relatives, and all assets of the NTP Parties shall be maintained in their current ownership, with no placement of liens of any sort, until all obligations under this Settlement Stipulation have been fulfilled.

g.     Until such time as Tasos receives the Final Payment, none of the NTP Parties shall increase his (or her) compensation, benefits or perquisites at NTP or seek or receive additional moneys (or cash) from NTP, other than the amounts being currently received as compensation, benefits and perquisites as of the date of the execution of this Settlement Stipulation.

h.     The NTP Parties will provide a certification on a monthly basis until the Final Payment is made, indicating that they are in compliance with ¶ g hereof. Additionally, and until the Final Payment is made, Tasos and counsel for Tasos shall have from time to time, the right to reasonably request access to the corporate books and financial records and information of NTP to determine or verify that the NTP Parties are in compliance with this Settlement Stipulation with all such information provided being confidential.

4748433

i.      In addition to the foregoing, and within ten (10) days from the approval of this

Settlement Stipulation, the NTP Parties shall: (1) obtain for Tasos a release of the claims and

liabilities asserted or which could be asserted against him in the CDC Proceedings; (2) fully

satisfy the CDC Judgment; and (3) cause CDC to have its counsel sign the attached Praecipes to

Satisfy Judgment and sign and transmit them to Francis Alexander, LLC for filing with the court

dockets of both related cases in Philadelphia and Chester counties, marked as Exhibit "A", and

hereby incorporated by reference and made a part of this Settlement Stipulation.  The NTP

Parties shall further defend and indemnify Tasos and Corinthian (if it is determined that Tasos

owns Corinthian) for any claims made against them by any co-maker, co-obligor or co-guarantor

of Corinthian, including Lazaros Hatziefstathiou, Theofilos Kaberidis, and Sophoclis Dimitri

Evangelopoulos, or their assigns, solely relating to the CDC Judgment or CDC Note.. Said

defense shall include payment of the reasonable fees and costs of the attorney of Tasos.

j.      In addition to the foregoing, and within ten (10) days from the approval of this

Settlement Stipulation, the NTP Parties shall dismiss and any and all claims asserted against

Tasos and fully release him in relation to the Hellenic Adversary proceedings.

k.      All pending matters in the state court(s), the appellate court and Bankruptcy Court

shall be held in abeyance pending the occurrence of the following: (i) approval of this Stipulation

by final order of the Bankruptcy Court and (ii) the dismissal of the NTP Parties' bankruptcy

petitions, and shall thereafter immediately be dismissed.  Upon dismissal of the NTP Parties'

bankruptcies, the NTP Parties shall file, in connection with the State Court Litigation and the

Superior Court Appeal, discontinuances of their respective appeals.  Additionally, during this

abeyance period, the statutes of limitations are tolled with respect to any claims Tasos could

4748433

make against the NTP Parties; and, in the event of a default by the NTP Parties, the NTP Parties
are estopped from arguing otherwise to any court of law.

l.      Time is of the essence with respect to all of the NTP Parties' obligations set forth
herein and there shall be no opportunity for cure with respect to any of the monetary obligations
under this Settlement Stipulation. Should the NTP Parties, or any of them, default on any of
their above monetary obligations under this Settlement Stipulation, Tasos shall be entitled to give
notice of the default and, at his sole discretion: (i) recover $ $3,062,500.00 plus the value of the
CDC judgment, unless it was satisfied as to Tasos prior to the NTP Parties' default, less any
credit for the moneys paid under and pursuant to this Settlement Stipulation prior to the date of
the declaration of a default, from any of the NTP Parties, but shall not be required to marshal and
may seek to recover from any or all of the NTP Parties in any order, plus reasonable attorney's
fees incurred in either enforcing this Settlement Stipulation, or otherwise compelling
compliance; (ii) exercise his rights to foreclose on any of the Real Property; or (iii) direct the
release of the shares from the Escrow Agent. The market value of any collateral liquidated or
seized prior to the date of the default shall act as a credit on any sums due under this Settlement
Stipulation and upon receipt of cash or collateral of $ $3,062,500.00, plus reasonable attorneys'
fees, all remaining collateral shall be released and the mutual releases described below in ¶ m
exchanged. With respect to a claim of a non-monetary default, prior to Tasos directing the
release of the shares, Tasos will give notice to the NTP Parties and at the same time request a
hearing from the Bankruptcy Court. The Bankruptcy Court shall conduct a plenary but summary
hearing on the existence of a non-monetary default. If it is determined that a non-monetary
default has occurred and is continuing, Tasos shall be entitled to declare a default without any
opportunity to cure, and take any and all actions, and pursue all remedies to which he is entitled

4748433

under this Settlement Stipulation, and in addition the NTP Parties shall pay all reasonable costs and fees incurred by Tasos in asserting the claim. If it is determined that no non-monetary default has occurred and is continuing, Tasos shall pay all reasonable costs and fees incurred by the NTP Parties in defending the claim. The Bankruptcy Court will determine whether Tasos: (a) may offset any amounts due to him under the Settlement Stipulation to reimburse these amounts; or (b) must immediately pay the NTP Parties such amount in cash.

        m.     Upon completion of the Final Payment, and not until then, the NTP Parties and Tasos shall exchange the broadest possible mutual releases attached as Exhibit "B" and held in escrow by Francis J. Lawall, Esquire to be released upon completion of all parties obligations hereunder releasing each other, their heirs, family members, representatives and agents from any and all claims, causes of actions, debts, and liabilities from the beginning of time up and through the date of the Final Payment.

        n.     The Bankruptcy Court shall retain jurisdiction to interpret and enforce the terms of this Settlement Stipulation, including the entering of a final judgment in connection therewith in the event of a default, and to provide for execution. Tasos and the NTP Parties consent to the jurisdiction of the Bankruptcy Court for this purpose and agree to not interpose any objection to the Bankruptcy Court's exercise of jurisdiction, including the reopening of the cases, if necessary, and further agree that Judge Raslavich may hear any matter at issue in connection with this Settlement Stipulation.

        o.     The Parties, and each of them, represent and warrant that each: (i) is represented by competent counsel with respect to this Settlement Stipulation and all matters covered by it; and (ii) has been fully advised by said counsel with respect to its rights and obligations and the execution of this Settlement Stipulation.

4748433

p.      This Settlement Stipulation may not be altered, amended, modified, or otherwise changed in any respect whatsoever except by a writing duly executed by an authorized representative of each of the Parties.

q.      This Settlement Stipulation shall be deemed to have been drafted by all of the Parties, regardless of who was principally responsible for drafting the Settlement Stipulation or any specific term or condition hereof. The language of this Settlement Stipulation shall not be construed for or against any party and no party shall urge otherwise.

r.      This Settlement Stipulation shall be construed and enforced pursuant to the laws of the Commonwealth of Pennsylvania.

s.      This Settlement Stipulation may be executed in counterparts, each of which, when so executed, shall be deemed an original, provided that each such counterpart shall be regarded as one and the same document. Delivery of an executed counterpart of a signature page to this Settlement Stipulation by fax, by email, or by other electronic means shall be effective as delivery of a manually executed original of this Settlement Stipulation.

t.      This Settlement Stipulation, along with any exhibits attached hereto inclusive of the Praecipes to Satisfy Judgment and the Releases, encompasses the entire agreement of the parties, and supersedes all previous understandings and agreements between the parties, whether oral or written. The parties hereby acknowledge and represent, by affixing their hands and seals hereto, that said parties have not relied on any representation, assertion, guarantee, warranty, collateral contract or other assurance, except those set out in this Settlement Stipulation, made by or on behalf of any other party or any other person or entity whatsoever, prior to the execution of this Settlement Stipulation. The parties hereby waive all rights and remedies, at law or in equity,

arising or which may arise as the result of a party's reliance on such representation, assertion, guarantee, warranty, collateral contract or other assurance.

IN WITNESS WHEREOF, by the signatures of their duly authorized representatives below, the Parties hereto acknowledge that they have read, understand and freely accept this Settlement Stipulation, and have executed the same under signature and seal.

We, Tom Papadopoulos, Nikko Papadopoulos, and Angelo Bekas, affirmatively state that we individually are the shareholders of NTP Marble, Inc. and that no one else owns shares or equity interests in the company and that our ownership equals 100% of the issued and authorized stock of NTP, that we are all the directors, and that we are all the officers of NTP, and that we are authorized to enter into this Settlement Stipulation with full legal force and effect.

Witnessed by:

| | |
|---|---|
| _____<br>Albert A. Ciardi, III, Esquire | _____    [Seal]<br>NTP Marble and Granite, Inc.<br>By: Nikos Papadopoulos, President |
| | _____    [Seal]<br>Date |
| _____<br>Albert A. Ciardi, III, Esquire | _____    [Seal]<br>Anthanasios Papadopoulos |
| | _____    [Seal]<br>Date |
| _____<br>Albert A. Ciardi, III, Esquire | _____    [Seal]<br>Nikolaos Papadopoulos |
| | _____    [Seal]<br>Date |

4748433

arising or which may arise as the result of a party's reliance on such representation, assertion, guarantee, warranty, collateral contract or other assurance.

IN WITNESS WHEREOF, by the signatures of their duly authorized representatives below, the Parties hereto acknowledge that they have read, understand and freely accept this Settlement Stipulation, and have executed the same under signature and seal.

We, Tom Papadopoulos, Nikko Papadopoulos, and Angelo Bekas, affirmatively state that we individually are the shareholders of NTP Marble, Inc. and that no one else owns shares or equity interests in the company and that our ownership equals 100% of the issued and authorized stock of NTP, that we are all the directors, and that we are all the officers of NTP, and that we are authorized to enter into this Settlement Stipulation with full legal force and effect.

Witnessed by:

_____         _____     [Seal]
Albert A. Ciardi, III, Esquire                    NTP Marble and Granite, Inc.
                                                             By: Nikos Papadopoulos, President

                                                             _____     [Seal]
                                                             Date

_____         _____     [Seal]
Albert A. Ciardi, III, Esquire                    Anthanasios Papadopoulos

                                                             _____     [Seal]
                                                             Date

_____         _____     [Seal]
Albert A. Ciardi, III, Esquire                    Nikolaos Papadopoulos

                                                             _____     [Seal]
                                                             Date

4748433

_____
Albert A. Ciardi, III, Esquire

_____
Francis Malofiy, Esquire

_____                    [Seal]
Angelo Bekas

_____                    [Seal]
Date

_____                    [Seal]
Anastasios Papadopoulos

9-25-2013                                           [Seal]
_____
Date

## SIGNED AS AN ACCOMMODATION PARTY AGREEING ONLY TO THE COVENANTS AND PROVISIONS RELATING TO THEM PERSONALLY:

_____                    [Seal]
Diane Bekas

_____                    [Seal]
Date

_____                    [Seal]
Pamela Papadopoulos

_____                    [Seal]
Date

_____                    [Seal]
Maria Papadopoulos

_____                    [Seal]
Date

4748433

_____          _____          *[Seal]*
Albert A. Ciardi, III, Esquire          Angelo Bekas

                                        _____          *[Seal]*
                                        Date

_____          _____          *[Seal]*
Francis Malofiy, Esquire                Anastasios Papadopoulos

                                        _____          *[Seal]*
                                        Date

## SIGNED AS AN ACCOMMODATION PARTY AGREEING ONLY TO THE COVENANTS AND PROVISIONS RELATING TO THEM PERSONALLY:

                                        _____          *[Seal]*
                                        Diane Bekas

                                        _____          *[Seal]*
                                        Date

                                        _____          *[Seal]*
                                        Pamela Papadopoulos

                                        _____          *[Seal]*
                                        Date

                                        _____          *[Seal]*
                                        Maria Papadopoulos

                                        _____          *[Seal]*
                                        Date

4748433